IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **GREGORY JAMES DALTON,** § | |
| **TDCJ No. 02148853,** § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | A-23-CV-1105-RP |
| § | |
| **BOBBY LUMPKIN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

## ORDER

Before the Court are Petitioner Gregory James Dalton's counseled Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondent Bobby Lumpkin's Response (ECF No. 9), and Petitioner's Reply (ECF No. 13). Having reviewed the record and pleadings, the Court dismisses Petitioner's habeas corpus petition as untimely filed.

### I. Background & Analysis

On July 21, 2017, a jury convicted Petitioner of capital murder and sentenced him to life imprisonment without the possibility of parole. *State v. Dalton*, No. D-1-DC-15-301607 (403rd Dist. Ct., Travis Cnty., July 21, 2017). (ECF No. 11-62 at 5-6.) On October 23, 2018, the Third Court of Appeals affirmed Petitioner's conviction. *Dalton v. State*, No. 03-17-00520-CR, 2018 WL 5260509 (Tex. App.—Austin, Oct. 23, 2018, pet. ref'd). On March 27, 2019, the Texas Court of Criminal Appeals (TCCA) refused Petitioner's Petition for Discretionary Review (PDR). *Dalton v. State*, No. PD-1271-18 (Tex. Crim. App. Mar. 27, 2019). (ECF No. 11-60.) Petitioner did not file an application for writ of certiorari with the United States Supreme Court. (ECF No. 1 at 3.)

1

Petitioner filed his state habeas corpus application on June 21, 2022. In it, he raised the following three claims:

1. Petitioner received ineffective assistance of counsel when trial counsel failed to (a) conduct an independent investigation of the Cell Site Location Information (CSLI) evidence; (b) retain a CSLI expert to review the State's evidence; (c) use a CSLI expert to assist with cross-examination of State's expert witnesses and to counter their qualifications and reliability; and (d) object to certain testimony, evidence, and jury issues.

2. Petitioner was denied due process when his co-defendant, Shawn Smith, falsely testified at Petitioner's trial regarding Smith's personal culpability and the benefits he received by cooperating with the State.

3. Petitioner was denied due process by the improper participation of alternate jurors during jury deliberations.

(ECF No. 11-62 at 8-22.) On January 11, 2023, the TCCA denied Petitioner's state habeas corpus application without written order on the findings of the trial court without hearing and on the court's independent review of the record. *Ex parte Dalton*, No. WR-94,430-01 (Tex. Crim. App. Jan. 11, 2023). (ECF No. 11-86.)

Petitioner filed his federal petition for writ of habeas corpus on September 14, 2023, raising the same claims he raised in his state habeas application. (ECF No. 1.) In his answer, Respondent Lumpkin argues Petitioner's claims should be dismissed as untimely filed. (ECF No. 9.) In reply, Petitioner argues his first two claims are subject to statutory tolling under 28 U.S.C. § 2244(d)(1)(D), and that, in the alternative, he is entitled to equitable tolling due to delays related to the COVID-19 pandemic. (ECF No. 13.)

1. Statutory and Equitable Tolling

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D). Under 28 U.S.C. § 2244(d)(2), a properly-filed state application for habeas corpus relief or other collateral review tolls the limitations period during its pendency.

Petitioner's conviction became final on June 25, 2019, when the time for filing an application for writ of certiorari expired. *See* 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final at conclusion of direct review or expiration of time for seeking such review); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (state prisoner's conviction becomes final ninety days after judgment is entered, when time to file petition for a writ of certiorari to Supreme Court has expired). Based on § 2244(d)(1)(A), Petitioner had until June 25, 2020, to file his federal habeas corpus petition within the AEDPA one-year limitations period. However, he waited until September 14, 2023, to file his federal petition, which is 1,176 days after the limitations period expired. Further, Petitioner's state habeas application does not toll the AEDPA limitations period because it was filed 726 days after it expired. Thus, Petitioner's federal petition must be dismissed as untimely unless he is entitled to either statutory or equitable tolling.

    a. *Statutory Tolling under 28 U.S.C. § 2244(d)(1)(D)*

Petitioner argues his first two claims are entitled to statutory tolling under § 2244(d)(1)(D). Under this section, the AEDPA limitations period does not begin to run until

"the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner claims he did not discover the factual predicate for his first claim, based on the ineffective assistance of trial counsel, until April 28, 2022. This is the date of an affidavit signed by Eric Devlin, who Petitioner describes as a former prosecutor and expert on digital forensics and technology. (ECF No. 11-71 at 8.) Petitioner states that, in Devlin's expert opinion, Petitioner's trial counsel should have retained a defense expert to rebut certain conclusions and presumptions made by law enforcement officers to the jury, including the level of friendship between various parties, the intent of witnesses travelling to different locations, and the use of hearsay evidence. Devlin also concludes that the jury was deprived of facts and information necessary to address the reliability of the State's experts.

In his answer, Respondent argues Petitioner was aware of the factual predicate for his ineffective-assistance claim at the close of his criminal trial. Petitioner counters that ineffective-assistance claims require showing both deficient performance and prejudice, and that the evidence necessary to prove these elements was not available until he received Eric Devlin's affidavit on April 28, 2022. (ECF No. 13 at 3-4.)

Section 2244(d)(1)(D) runs from "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, … while a habeas petitioner gathers every possible scrap of evidence that might, … support his claim." *Flanagan*, 154 F.3d at 199.

What Petitioner describes as the discovery of the factual predicate for his ineffective-assistance claim is rather the discovery of additional supporting evidence for a claim that already existed. Accordingly, because waiting for compelling evidence does not grant Petitioner a right to delay his federal habeas petition under the AEDPA, his claim based on the ineffective assistance of counsel is not entitled to statutory tolling under § 2244(d)(1)(D).

Regarding his second claim, i.e., that Petitioner did not receive due process when his co-defendant testified falsely, Petitioner argues the factual predicate for this claim "arose only after [he] obtained and reviewed both the transcripts of co-defendant Shawn Smith's guilty plea and sentencing hearing, and the transcript of Smith's testimony in the subsequent trial of co-defendant Jeffrey Mendez." (ECF No. 13 at 5.) Petitioner does not provide the dates of when these events occurred. However, a review of the record shows that Shawn Smith pleaded guilty to aggravated robbery on September 1, 2017, and was sentenced to twenty-five years imprisonment. (ECF No. 11-81 at 11-18.) Mr. Smith then testified at co-defendant Jeffrey Mendez's trial on October 31, 2017. (ECF No. 11-71 at 32.) Although the trial transcript was likely not available immediately, Mr. Mendez's conviction was affirmed on appeal on February 21, 2019, and his trial testimony would have been available then. This is several months before Petitioner's conviction became final on June 25, 2019. Accordingly, because the factual predicate for Petitioner's second claim was available before his conviction became final, it does not lengthen the limitations period beyond that established by § 2244(d)(1)(A). Thus, assuming Petitioner's allegations are true, his second claim was still untimely filed.

   *b. Equitable Tolling*

Finally, Petitioner argues he is entitled to equitable tolling due to the delays and closures created by the COVID-19 pandemic. A federal habeas corpus petitioner may avail himself of the

5

doctrine of equitable tolling "'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights," *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Equitable tolling therefore "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted).

As Petitioner notes in his response to Respondent's answer, this Court first issued an order regarding the COVID-19 pandemic on March 13, 2020. Petitioner does not state the content of the Court's order, but alleges it was about court operations and included the "adjustment of deadlines." (ECF No. 13 at 7.) This order, however, was entered 262 days, or almost 9 months, after Petitioner's conviction became final on June 25, 2019. There is no evidence before the Court showing Petitioner was actively pursuing his habeas claims during this 9-month period. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302-03 (5th Cir. 2010) (petitioner who waited almost seven months before seeking state habeas relief was not diligent).

Further, Petitioner has not shown an extraordinary circumstance stood in the way of him timely filing his federal habeas petition. Petitioner fails to establish that this Court or the state courts were closed to litigants filing legal documents; at most, Petitioner claims that the Court adjusted deadlines for parties with pending litigation. Petitioner alludes to the COVID-19 pandemic as what caused the untimely filing of his federal habeas petition but fails to provide a

6

causal link between the start of the pandemic and his waiting until September 14, 2023, to file his federal petition. Again, equitable tolling is an extraordinary remedy and is not intended for those who sleep on their rights. Petitioner has failed to show he diligently pursued his rights and that an extraordinary circumstance prevented him from timely filing his petition. Accordingly, Petitioner is not entitled to equitable tolling.

Because Petitioner has not shown his entitlement to equitable tolling or tolling under § 2244(d)(1)(D), his federal habeas corpus petition is dismissed with prejudice as untimely filed.

### III. Certificate of Appealability

A petitioner may not appeal a final order in a *habeas corpus* proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a *habeas* petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the court denies a certificate of appealability.

It is therefore **ORDERED** that Petitioner Gregory James Dalton's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely filed.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 28th day of May, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE